USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MILTON WILLIAMS,   :
  :
                     Plaintiff,  :
  :      1:21-cv-2303-GHW
         -against-  :
  :      <u>ORDER</u>
GOETZES CANDY COMPANY, INC.,  :
  :
                    Defendant.  :
-------------------------------------------------------------- :
                                                                X

GREGORY H. WOODS, United States District Judge:

      On June 2, 2021, the parties filed a letter requesting that the Court approve a proposed consent decree. Dkt. No. 13. The terms of the consent decree were negotiated between the parties in order to settle this litigation. *Id.* at 1. As described by Defendant, while "Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion." *Id.* Defendant acknowledges that "the Consent Decree is designed to serve as a shield for Defendants against claims by other plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country." *Id.* at 2.

      The Court declines to enter the proposed consent decree because, among other things, it does not have sufficient information to conclude that its terms—privately negotiated between Defendant and a single plaintiff—are appropriate. The Court cannot conclude that the terms of the consent decree indeed, as the parties represent, resolve all current, and potential future, issues with the website. The Court's inability to draw that conclusion from the limited information provided is

significant given the express purpose of the consent decree—to prevent other plaintiffs from bringing action to challenge the website's compliance with applicable law.

"[A] federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." *Local No. 93, International Association of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (internal quotation marks omitted)). "A court must scrutinize a proposed settlement before giving it a judicial imprimatur." *United States v. International Brotherhood of Teamsters*, 970 F.2d 1132, 1137 (2d Cir. 1992). "The district court must ensure that the agreement 'does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.'" *Id.* (quoting *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981)). Indeed, the Second Circuit has "often compared stipulated settlements to contracts, and . . . consistently applied the law of contract to disputes concerning the construction and enforcement of settlements . . . However, when a district court 'so orders' a stipulated settlement, it [accepts] some obligations . . . [including] the duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000). "In many cases, a stipulated settlement will contemplate actions that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement. When a district court 'so orders' a settlement containing such provisions, it is, with some limited exceptions, obliged to perform." *Id.*; *see also Sanchez v. Maher,* 560 F.2d 1105, 1108 (2d Cir. 1977) ("The district court has not only the power but the duty to enforce the stipulation which it ha[s] approved.") (internal punctuation omitted).

Here, the parties have not provided the Court sufficient information to conclude that the terms of their agreement—reformulated as a proposed consent decree—are appropriate. This case has not been certified as a class action, yet the effect of the proposed consent decree would be to permit the individual named plaintiff in this case, and his counsel alone to determine the steps that the defendant must undertake in order to ensure that its website complies with the Americans with

2

Disabilities Act and similar statutes. Apart from the fact that the named plaintiff and the defendant believe that these terms form an acceptable basis for their resolution of the action, the Court has no basis upon which to conclude that the terms of the consent decree are appropriate. The Court observes that the named plaintiff initially brought this case as a purported class action. Through the presentation of this consent decree, he and the defendant seek to bind absent potential class members without any meaningful judicial evaluation of the terms and conditions of the proposed resolution, and without providing such users of the website notice of the action or the opportunity to participate in it. The Court declines to convert the parties' private agreement into an enforceable order of the Court on this record.

The Court is well aware of the proliferation of similar, copycat cases of this type, particularly in this District. *See, e.g.,* Tom McParland, *New York Federal Courts A Battleground Amid Deepening Rift on Website Accessibility Suits*, N.Y.L.J., June 16, 2021, https://www.law.com/newyorklawjournal/2021/06/16/new-york-federal-courts-a-battleground-amid-deepening-rift-on-website-accessibility-suits/ (Last visited June 20, 2021). Protecting a particular party (and the Court) from potentially duplicative litigation, is not, by itself, in this Court's view, a sufficient justification to impose its judicial imprimatur on the parties' privately negotiated agreement. Nor does the fact that other courts have signed similar requests for relief lead this Court to believe that the entry of the proposed consent decree on this record is appropriate. Defendant points to no reasoned opinions endorsing this approach. The Court takes little from the exemplars cited in the parties' letter other than that some courts perhaps have not yet thought deeply about the obligations of the district court in evaluating such requests or the collateral impact of judicially sanctioned consent decrees on the rights of people who have not been provided the opportunity to be heard with respect to a privately negotiated resolution specifically intended to bind their hands.

The Court will enter a separate "30-day order" in light of the parties' settlement of this case.

To the extent that the parties wish to litigate the case on the merits in light of the Court's decision not to endorse the parties' proposed consent decree, they may follow the process outlined in that order to restore the case to the Court's active docket.

SO ORDERED.

Dated: June 21, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge